UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TOTAL MARINE SERVICES OF JEFFERSON, INC. | * * * | CIVIL ACTION NO.: |
| | * | SECTION: |
| VERSUS | * * | MAGISTRATE: |
| | * * | ADMIRALTY: |
| THE BARGE BMS I    *in rem* | * * | Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure |
| AND | * * | |
| PRO-TEST PIPELINE SERVICES, LLC    *in personam* | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT FOR SUIT ON OPEN ACCOUNT, BREACH OF CONTRACT, UNJUST ENRICHMENT, AND RULE C ARREST**

The complainant, Total Marine Services of Jefferson, Inc. ("Total Marine"), submits the following Verified Complaint:

**JURISDICTION**

1. This is an admiralty and maritime law claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Total Marine brings this action pursuant to 28 U.S.C. §1333 (admiralty and maritime jurisdiction) and Rule 9(h) of the Federal Rules of Civil Procedure. This Court has supplemental jurisdiction over Total Marine's suit on open account, breach of contract, and unjust enrichment pursuant to 28 U.S.C. §1367.

**PARTIES**

2. Total Marine is a domestic corporation organized and existing under the laws of the State of Louisiana, with its principal offices in Harvey, Louisiana, that was and is engaged in the business of providing dry-docking and travelift hauling for repair, fabrication, and maintenance

services for a variety of vessel types.  Specific to this action, Total Marine provided these services to the Barge BMS I (the "BMS I") at its facility located at 2057 Destrehan Avenue, Harvey, Louisiana, 70058.

3. The defendant, BMS I, *in rem*, was at all relevant times and remains a barge engaged in commercial maritime activity.

4. Upon information and belief, the BMS I is owned and/or operated by defendant Pro-Test Pipeline Service, LLC ("Pro-Test Pipeline"), *in personam*, a domestic limited liability company with its principal place of business in Gretna, Louisiana.

## FACTUAL ALLEGATIONS

5. On July 27 and 31, 2015, Total Marine, upon the authority of an owner or representative of the BMS I, furnished labor, materials, and necessaries to the BMS I.

6. As of the initiation of this lawsuit, Total Marine is owed approximately $133,576.91 for the services and necessaries provided to the BMS I.  *See* Invoice Number 7326, attached hereto as Exhibit 1.

7. Total Marine has duly demanded payment of the outstanding balance from the owner of the BMS I.

8. The owner of the BMS I has failed to satisfy any invoices issued for the necessaries furnished to the BMS I.

## CAUSES OF ACTION

9. Total Marine incorporates and reasserts the allegations contained in Paragraphs 1 through 8 as if fully set forth herein.

10. Total Marine brings this claim *in rem* against the BMS I and *in personam* against Pro-Test Pipeline, as more fully set out herein, because Total Marine performed its obligations

under its agreement with Pro-Test Pipeline to furnish services and necessaries to the BMS I and Pro-Test Pipeline has failed to comply with its obligations by remitting payment for the services so provided. Based on the foregoing, Total Marine has a cause of action for suit on an open account, breach of contract, unjust enrichment, and maritime arrest.

## COUNT 1 - SUIT ON OPEN ACCOUNT

11. Pro-Test Pipeline entered into an agreement with Total Marine for the furnishing of services and necessaries to the BMS I. Upon information and belief, Total Marine furnished the services and necessaries to the BMS I without incident or complaint.

12. Total Marine has not been paid for the services provided to the BMS I.

13. Total Marine has maintained an open account with Pro-Test Pipeline and performed the services evidenced in Total Marine's invoices for a total amount of $133,576.91, inclusive of interest as of September 30, 2016. *See* invoice and interest calculations attached hereto as Exhibit 1.

14. On September 6, 2016, Total Marine sent written demand to Pro-Test Pipeline for the total amount due and owing and enclosed supporting documentation including the relevant invoice and interest calculations. *See* Demand Letter dated September 6, 2016, attached hereto as Exhibit 2.

15. Despite full performance by Total Marine and an amicable demand for payment made pursuant to La. Rev. Stat. §9:2781, Pro-Test Pipeline has failed to pay the balance due on the aforementioned invoice for the services and necessaries provided to the BMS I under this open account.

16. Accordingly, Pro-Test Pipeline is indebted to Total Marine for damages in the approximate amount of $133,576.91, plus interest and all costs of these proceedings.

17.     In addition, Pro-Test Pipeline is liable to Total Marine for its costs and reasonable attorneys' fees for bringing this action pursuant to La. Rev. Stat. §9:2781 because Pro-Test Pipeline has failed to pay this open account within thirty days after Total Marine sent written demand setting forth the amount owed.

## COUNT 2 – BREACH OF CONTRACT

18.     Total Marine incorporates and reasserts the allegations contained in Paragraphs 1 through 17 as if fully set forth herein and further alleges both in addition and the alternative:

19.     Total Marine and Pro-Test Pipeline had a valid and enforceable agreement for Total Marine to provide certain services to the BMS I.

20.     Total Marine performed the agreed upon services and furnished necessaries to the BMS I.

21.     Pro-Test Pipeline breached its obligations to Total Marine by failing to pay Total Marine for the services and necessaries provided to the BMS I.

22.     As of this date, Pro-Test Pipeline is indebted to Total Marine for $133,576.91, plus interest and attorney's fees and costs incurred in prosecuting this lawsuit.

## COUNT 3 – UNJUST ENRICHMENT

23.     Total Marine incorporates and reasserts the allegations contained in Paragraphs 1 through 22 as if fully set forth herein and further alleges both in addition and the alternative:

24.     Pro-Test Pipeline has been unjustly enriched.

25.     Total Marine performed services and provided necessaries to the BMS I as authorized and approved by Pro-Test Pipeline.

26.     Pro-Test Pipeline is indebted to Total Marine in the amount of $133,576.91 as a result of the services provided.

27. Pro-Test Pipeline has failed to pay Total Marine for the services provided.

28. Pro-Test Pipeline's continued withholding of amounts due and owing to Total Marine for work performed and properly invoiced has unjustly enriched Pro-Test Pipeline at Total Marine's sole expense.

29. Pro-Test Pipeline's tortious unjust enrichment has caused Total Marine to suffer damages in the amount of $133,576.91, inclusive of interest as of September 30, 2016, and attorney's fees and costs incurred in prosecuting this lawsuit.

## COUNT 4 - MARITIME ARREST

30. With respect to the BMS I, this is a Complaint, *in rem*, pursuant to a maritime lien provided for under 46 U.S.C. § 31342 with a prayer for an arrest of the vessel under Rule C of the Supplemental Admiralty Rules.

31. Based on Pro-Test Pipeline's failure to pay Total Marine for the services and necessaries rendered to the BMS I, Total Marine is entitled to arrest the barge, which, upon information and belief, is currently located within the jurisdiction of this Court in Venice, Louisiana, pursuant to Supplemental Admiralty Rule C.

32. Upon information and belief, the BMS I is currently docked at Hilcorp Energy Co.'s dock located at or near 1804 Tide Water Road, Venice, Louisiana, 70091.

33. Upon further information and belief, the BMS I is approximately twenty (20 )feet wide and sixty (60) feet long, black in color with a gray deck, and has the following distinct appurtenances: (a) two (2) spuds, diagonally opposed; (b) two (2) winches; and (c) one (1) engine driven hydraulic power unit (approximately three (3) feet by six (6) feet by four (4) feet) with an aluminum cover.

34. Total Marine is not seeking this arrest for the purpose of injuring or harassing the owner of the BMS I.

35. Total Marine will be prejudiced in the recovery of its claims in the absence of an order of arrest.

36. Due to exigent circumstances, Total Marine respectfully requests that this Court directs the Clerk to immediately issue a warrant for the arrest of the BMS I.

WHEREFORE, the complainant, Total Marine Services of Jefferson, Inc., demands judgment and prays as follows:

(1) that process according to the practice of this Court be issued against Pro-Test Pipeline Services, LLC, *in personam*, and that this Court issues an order directing Pro-Test Pipeline Services, LLC to satisfy its indebtedness to Total Marine, plus interests and attorneys' fees;

(2) that due process in accordance with this Court's admiralty jurisdiction be issued against the defendant, BMS I, *in rem*, citing it to appear and answer under oath all matters alleged;

(3) that the Clerk immediately issue an order and warrant for the arrest of the BMS I pursuant to Supplemental Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims;

(4) that all persons / entities claiming any interest in the BMS I be cited to appear and answer the matters aforesaid, and that after due proceedings are had, that Total Marine have judgment in the amount of approximately $133,756.91, as well as all other expenses and charges incurred in pursuing this lawsuit, together with interest, costs, and attorneys' fees, and that the

barge be condemned and sold to pay same, and for such other relief as the justice of the cause may require; and

(5) that this Court maintain jurisdiction over this matter through the entry of judgment or award for any current claims or those that may arise in the future, including any appeals.

        Respectfully submitted,

        */s/ Jason P. Waguespack*
        Jason P. Waguespack, T.A. (#21123)
        Frederick W. Swaim III (#28242)
        Alexander L. Williams (#36085)
        GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
        701 Poydras Street, 40th Floor
        New Orleans, Louisiana 70139
        Telephone: (504) 525-6802
        Telecopier: (504) 525-2456
        Attorneys for the Complainant
        *Total Marine Services of Jefferson, Inc.*